

**IT IS ORDERED as set forth below:**

**Date: September 12, 2019**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| IVAN GOINS and GABRIELLA ELISABETH GIBBS, | CASE NO. 13-70835-BEM |
| Debtor. | CHAPTER 7 |
| NEIL C. GORDON, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 17-5255-BEM |
| MCGHEE AUTO SALES, INCORPORATED, | |
| Defendant. | |

**ORDER ON DEFENDANT MCGHEE AUTO SALES, INC.'S
<u>MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER</u>**

This matter is before the Court on Defendant McGhee Auto Sales, Inc.'s *Motion for Reconsideration of Summary Judgment Order* (the "Motion"). [Doc. 20]. This proceeding arises out of Debtors' unauthorized use of funds from the settlement of a postpetition personal injury claim (the "Settlement Proceeds") to purchase vehicles from Defendant as gifts for Debtors' relatives. Plaintiff, the Chapter 7 Trustee of Debtors' estate, sought to avoid and recover the transfers from Defendant under 11 U.S.C. §§ 549 and 550. [Doc. 1]. On March 18, 2019, the Court entered an order granting summary judgment to Plaintiff (the "SJ Order"). [Doc. 17]. Thereafter, Defendant filed its Motion. The Court held a hearing on the Motion on May 7, 2019, (the "May 7 Hearing") and asked the parties to submit supplemental briefs on the issues of (1) whether the Court has authority to issue an equitable credit under 11 U.S.C. § 105 and § 502(h) equal to the amount of the distribution Defendant would receive on a § 502(h) claim deemed filed and allowed pursuant to the Judgment entered in this case; and (2) whether conversion from a chapter 13 case to a chapter 7 case can be a bad faith conversion within the meaning of 11 U.S.C. §348(f)(2) if the motion to convert is filed by the chapter 13 trustee. [Doc. 34]. Having considered the parties' arguments and the relevant authorities, the Court concludes Defendant has shown the Court erred in concluding on the record presented that Defendant was the initial transferee of the settlement proceeds as a matter of law, such that summary judgment is inappropriate. Therefore, the Court will grant Defendant's Motion.

**I. Legal Standard**

The prayer for relief in Defendant's Motion cites to Federal Rule of Civil Procedure 52(b). Rule 52(b), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7052, provides that, on motion of a party, "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ.

2

P. 52(b). Some courts have held that Rule 52(b) is inapplicable to summary judgments because the Court does not make findings of fact on summary judgment. Wright & Miller, 9C Fed. Prac. & Proc. Civ. § 2582 (3d ed. 2019). Therefore, the Court will treat the Motion as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023. *See Voter Verified, Inc. v. Premier Election Sol., Inc.*, No. 6:09-cv-1968, 2010 WL 11474628, at *2 (M.D. Fla. Nov. 19, 2010) (treating a Rule 52(b) motion as a Rule 59(e) motion when the underlying order was a ruling on summary judgment). Rule 59(e) authorizes the Court to alter or amend a judgment "if there is newly-discovered evidence or manifest errors of law or fact." *Metlife Life and Annuity Co. of Conn. v. Akpele*, 886 F.3d 998 (11th Cir. 2018). It may not be used "to raise arguments available but not advanced" prior to the judgment, *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999), or merely to request reexamination of an unfavorable ruling. *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

**II. Analysis**

The undisputed facts of this case are set forth in the SJ Order and are incorporated herein. Defendant concedes that the transfers at issue are avoidable under § 549(a). However, it argues it is not liable under § 550. Defendant raises the following points in its Motion: (1) Debtors' personal injury attorney rather than Defendant was the initial transferee of the Settlement Proceeds; (2) Defendant is an immediate or mediate transferee for value that took in good faith without knowledge of the bankruptcy; and (3) the bankruptcy estate received equivalent value for the funds paid to Defendant and therefore suffered no injury. Furthermore, at the May 7 Hearing, counsel for Defendant argued that reconsideration was necessary to avoid manifest injustice against an innocent vendor.

Defendant argues that Debtors' personal injury attorney was the initial transferee of the settlement proceeds and that Defendant was a subsequent transferee that took in good faith, for value, and without notice of the bankruptcy case. *See* 11 U.S.C. § 550(b)(1). The Court took judicial notice of the following facts:

> [T]he Court approved Plaintiff's motion to enter into a settlement agreement with the law firm that handled Debtors' personal injury claim, Montlick & Associates ("Montlick"), to approve Montlick's employment, approve the personal injury settlement, and to recover a portion of Montlick's fees. [Case No. 13-70835, Docs. 147, 150]. The motion to settle indicated that Montlick received the settlement proceeds and then disbursed the funds to Debtors and to itself for its attorney fees. [Id. Doc. 147 at 2].

[SJ Order at 6-7].

Based on the quoted facts, the fact that attorneys have no control over client funds under the Georgia Rules of Professional Conduct, and on the absence of any evidence that Montlick exercised control over the funds, the Court concluded that Montlick was a mere conduit rather than a transferee. Although, the Court remains convinced Montlick was not the initial transferee of the Settlement Funds, under the Eleventh Circuit's guidance for interpreting the term "initial transferee" in § 550(a), the Court concludes Debtors, rather than Defendant, may be the initial transferees.

The Court's determination in the SJ Order that Defendant was not a subsequent transferee was based on Montlick being a conduit rather than an initial transferee. While Defendant's Motion has not shown the Court erred in that determination, it appears the Court's analysis was too limited, as the Court did not consider whether Debtors were the initial transferees of the Settlement Funds.

In the SJ Order, the Court cited *Marathon Petroleum Co., LLC v. Cohen (In re Delco Oil, Inc.)*, 599 F.3d 1255 (11th Cir. 2010), for the proposition that there is no good faith or

4

innocent vendor defense under § 549 or § 550(a)(1). [SJ Order at 14-15]. That is true for initial transferees. However, in a case decided shortly after *Delco Oil*, the Eleventh Circuit set forth a flexible test for determining whether a recipient is an initial transferee or a mere conduit. *Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1322-23 (11th Cir. 2010). Most circuits to consider the question have adopted a version of the "dominion test" set forth in *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890 (7th Cir. 1988), pursuant to which a recipient is considered the initial transferee if it has legal title to the funds transferred and can use the funds as it sees fit. *Id.* at 893 ("the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes"); *First Nat. Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 722 (6th Cir. 1992); *Security First Nat. Bank v. Brunson (In re Coutee)*, 984 F.2d 138, 141 (5th Cir. 1993); *Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Props. Ltd. P'shp)*, 99 F.3d 151, 156 (4th Cir. 1996); *Rupp v. Markgraf*, 95 F.3d 936, 939 (10th Cir. 1996); *Christy v. Alexander & Alexander of N.Y., Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 57-58 (2d Cir. 1997); *Universal Serv. Admin. Co. v. Post-Confirmation Committee of Unsecured Creditors (In re Incomnet, Inc.)*, 463 F.3d 1064, 1070-71 (9th Cir. 2006) (distinguishing between the "dominion" test of *Bonded Financial*, the "control" test applied by the 11th Circuit, and various hybrids); *see also* Jessica D. Gabel and Paul R. Hage, *Who is a "Transferee" Under Section 550(a) of the Bankruptcy Code?" The Divide over Dominion, Control, and Good Faith in Applying the Mere Conduit Defense*, 21 J. Bankr. L. & Pract. 1 Art. 3 (Jan. 2012).

      The Eleventh Circuit has recognized the test in *Bonded Financial*, but as the Ninth Circuit Court of Appeals observed, the Eleventh Circuit "took a slightly different approach

5

when it laid out the 'control,' test under which courts view the entire transaction as a whole to determine who truly had control of the money." *Incomnet*, 463 F.3d at 1070 (citing *Nordberg v. Societe Generale (In re Chase & Sanborn Corp.)*, 848 F.2d 1196, 1199 (11th Cir. 1988)). The Ninth Circuit further explained:

> [W]hile the two inquiries are similar, they are not indistinguishable: The dominion test focuses on whether the recipient of funds has legal title to them and the ability to use them as he sees fit. ... The control test takes a more gestalt view of the entire transaction to determine who, in reality, controlled the funds in question.

*Id.* at 1071.

In *Harwell*, the Eleventh Circuit reviewed its prior decisions regarding the control test as applied to fraudulent transfers, stating as follows:

> First, this Court has observed that a literal or rigid interpretation of the statutory term "initial transferee" in § 550(a) means that the first recipient of the debtor's fraudulently-transferred funds is an "initial transferee." ....
>
> Second, this Court carved out an equitable exception to the literal statutory language of "initial transferee," known as the mere conduit or control test, for initial recipients who are "mere conduits" with no control over the fraudulently-transferred funds. ... In doing so, *this Court has adopted a flexible, pragmatic, equitable approach of looking beyond the particular transfer in question to the circumstances of the transaction in its entirety*. ... The mere conduit or control test is a judicial creation that is not based in statutory language, but is an exception based on the bankruptcy courts' equitable powers. ... Equitable considerations play a major role in the mere conduit or control test because it would be inequitable to hold an initial recipient of the debtor's fraudulently-transferred funds liable where that recipient could not ascertain the transferor debtor's solvency, lacked any control over the funds, or lacked knowledge of the source of the funds. ... The conduit or control test is based on, and defined by, equity and requires good faith to escape "initial transferee" liability. In effect *we have tempered literal application of § 550(a)(1), examining all the facts and circumstances surrounding a transaction to prevent*

6

> *recovery from a transferee innocent of wrongdoing and deserving of protection.*
>
> Third, as part of the mere conduit or control test, this Court considers whether the intermediary "acts without bad faith, and is simply an innocent participant" to the fraudulent transfer.

*Harwell*, 628 F.3d at 1322-23 (emphasis added) (citations omitted).

In *Sender v. Love Funeral Home (In re Potter)*, 386 B.R. 306 (Bankr. D. Colo. 2008), the court held that the debtor was the initial transferee in a postpetition transfer under § 549. *Id.* at 314. In *Potter*, the debtors held multiple life insurance policies. When the husband died postpetition, the wife assigned a portion of one of the policies to a funeral home to pay for the husband's funeral and burial services. The insurer subsequently issued funds directly to the funeral home. The chapter 7 trustee sought to recover these funds. *Id.* at 307-08. The question was whether the funeral home was the initial transferee of the funds. *Id.* at 310.

The court noted that the 10th Circuit had adopted the dominion test set forth in *Bonded Financial*, which "cautioned against the practice of many bankruptcy courts in relying on 'equity' to relieve a transferee from a literal construction that they perceived as inequitable" while stating it should be construed with considerations of "'sensible policy.'" *Id.* at 310, 313 (quoting *Bonded Financial*, 838 F.2d at 895). The court distinguished prepetition transfer actions from postpetition transfer actions, stating that under § 544, 548, or 547, "if the debtor's own actions made him the initial transferee, it would render § 550(a)(1) meaningless." *Id.* at 313. However, interpreting § 550 such that the debtor may be an initial transferee for purposes of § 549 comports with the dominion test and sound policy. *Id.* at 313-14. The debtor-wife "was the first party to exercise dominion and control over the [insurance] policy and its proceeds." *Id.* at 314. "However, unwittingly, by executing the Assignment, she usurped this asset from the bankruptcy estate." *Id.* As a result, the debtor-wife was "the initial transferee when she executed

7

the Assignment," and the payment to the funeral home was a subsequent transfer. *Id.* Thus, the court held that "in the context of a § 549 claim in which a party has wrongfully converted estate property to his own use, he is the initial transferee." *Id.*

Here, Debtors received the funds before transferring them to Defendant. If Debtors were the initial transferees, then Defendant is a subsequent transferee entitled to pursue the good faith defense set forth in § 550(b)(1). As the 11th Circuit stated in *Andreini & Company v. Pony Express Delivery Services, Inc. (In re Pony Express Delivery Serivces, Inc.)*, "The term 'initial transferee' is a term of art whose meaning in any given transaction is not always straightforward." 440 F.3d 1296, 1300 (11th Cir. 2006). The court's control test recognizes "the inequity that would result if every initial recipient of fraudulently-transferred funds could be forced, as an initial transferee, to return the funds to the bankrupt's estate[.]" *Menotte v. U.S. (In re Custom Contractors, LLC)*, 745 F.3d 1342, 1349 (11th Cir. 2014). The flexible, pragmatic, and equitable approach adopted by the Eleventh Circuit requires this Court to consider the transactions at issue in their entirety. *Harwell*, 628 F.3d at 1322. Here, the entirety of the transactions includes Debtors' initial receipt of the funds from their personal injury attorney. Those funds were property of the bankruptcy estate over which Debtors exercised control (regardless of whether they were entitled to do so).

The Eleventh Circuit has not directly addressed whether a debtor can be an initial transferee in a § 550(a) action. However, in *Coggin v. Coggin (In re Coggin)*, the Eleventh Circuit held that § 550(a)(1) "does not allow recovery of an avoided transfer from the transferring debtor." 30 F.3d 1443, 1453 (11th Cir. 1994), *abrogated on other grounds by Kontrick v. Ryan*, 124 S. Ct. 906, 540 U.S. 443 (2004). In *Coggin* the debtor transferred $13,000 to his son prepetition. The bankruptcy court found the transfer was avoidable as a fraudulent

8

conveyance under § 548. *Id.* at 1446. The trustee sought to recover the transfer from both the debtor and his son. The trustee argued he was entitled to recover from the debtor under § 550(a)(1) because the debtor was an "entity for whose benefit" the transfer had been made. *Id.* at 1453. The circuit court disagreed. *Id.*

*Coggin* is distinguishable from this case for several reasons. First, the court was interpreting the phrase "the entity for whose benefit such transfer was made" in § 550(a)(1). In this case, the Court is concerned with the interpretation of "initial transferee." In *Coggin*, the transfer was avoidable under § 548, which requires that the transfer occur prepetition and that it consist of "an interest of the debtor in property ...." Here, the transfer is avoidable under § 549, which requires a postpetition transfer of "property of the estate[.]" Finally, in *Coggin*, the question was whether the trustee can recover from the debtor under § 550(a). Here, the Trustee is not seeking to recover from Debtors; instead, the question is whether Debtors can be initial transferees under § 550(a)(1). The court in *Coggin* recognized at least two situations in which a debtor might benefit from an avoidable transfer.[1] In other words, the court found that the trustee cannot recover from a debtor under § 550(a) notwithstanding the fact that a debtor might benefit from the transfer. Thus, *Coggin* does not foreclose the possibility that a debtor may be an initial transferee; it merely forecloses a recovery from the debtor on that basis when the transfer is a prepetition fraudulent transfer.

Based on the foregoing, the Court concludes that it erred in ruling Defendant was the initial transferee as a matter of law and erred in granting summary judgment to Plaintiff on Counts II and IV of the Complaint on that basis. As a result, the Court need not consider the

---

[1] Those two situations are when the debtor retains an interest in property fraudulently transferred and when the transfer is made to satisfy a nondischargeable debt. 30 F.3d at 1453.

9

other legal questions raised at the May 7 Hearing to decide Defendant's Motion. Accordingly, it is

ORDERED that Defendant's Motion [Doc. 20] is GRANTED; it is further

ORDERED that Summary Judgment Order [Doc. 17] and Judgment [Doc. 16] are VACATED; it is further

ORDERED that the Trustee's Motion for Summary Judgment [Doc. 11] is GRANTED as to Counts I and III of the Complaint (avoidance under 11 U.S.C. § 549, and preservation for the estate under § 551) and DENIED as to Counts II and IV.

The Court will schedule a trial on the unresolved counts by separate order.

**END OF ORDER**

## **Distribution List**

Neil C. Gordon
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

McGhee Auto Sales, Inc.
Clifford McGhee, Reg, Agt.
4414 Luxembourg Drive
Decatur, GA 30034

Albert A. Mitchell
3079 Campbellton Road
Suite 203
Atlanta, GA 30311